[Cite as *State v. Cambria*, 2022-Ohio-831.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110831 |
| v. | : | |
| DAVID CAMBRIA, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-657925-A, CR-21-658588-C, and CR-21-659415-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jamielle Lamson-Buscho, Assistant Prosecuting Attorney, *for appellee*.

Susan J. Moran, *for appellant*.

JAMES A BROGAN, J.:

{¶ 1} Defendant-appellant David Cambria ("Cambria"), raising a single assignment of error, argues that the Reagan Tokes Law is unconstitutional and,

therefore, his sentence imposed under that law is invalid.[1] For the following reasons, we affirm the lower court's judgment.

**Factual and Procedural History**

**CR-21-657925-A**

{¶ 2} On March 15, 2021, in Cuyahoga C.P. No. CR-21-657925-A, a Cuyahoga County Grand Jury indicted Cambria on six counts including three counts of grand theft in violation of R.C. 2913.02(A)(1), felonies of the fourth degree; one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and two counts of receiving stolen property in violation of R.C. 2913.51(A), felonies of the fourth degree.

{¶ 3} On March 18, 2021, Cambria was declared indigent and pleaded not guilty to the indictment. The trial court set bond. On April 7, 2021, the trial court referred Cambria to the court psychiatric clinic to determine defendant's eligibility for transfer to the mental health court docket. On May 17, 2021, the parties stipulated to the court psychiatric clinic's findings that Cambria was not eligible for transfer to the mental health court docket.

**CR-21-658588-C**

{¶ 4} On April 14, 2021, in Cuyahoga C.P. No. CR-21-658588-C, a Cuyahoga County Grand Jury indicted Cambria on nine counts including one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree;

---

[1] The appeal of codefendant Jared Cambria is a companion case to the present case. *See State v. Cambria*, 8th Dist. Cuyahoga No. 110823.

one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree; one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree; one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; one count of breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree; one count of attempted grand theft in violation of R.C. 2923.02/2913.02(A)(1), a felony of the fifth degree; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree; and two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), felonies of the third degree. All counts, except the improperly handling firearms in a motor vehicle and having weapons while under disability charges, carried one-year and three-year firearm specifications. One count of having weapons while under disability carried a one-year firearm specification.

{¶ 5} On April 16, 2021, Cambria was declared indigent and pleaded not guilty to the indictment. The trial court set bond. On May 17, 2021, the parties stipulated to the findings of the court psychiatric clinic that found Cambria ineligible for transfer to the mental health court docket.

**CR-21-659415-B**

{¶ 6} On May 19, 2021, in Cuyahoga C.P. No. CR-21-659415-B, a Cuyahoga County Grand Jury indicted Cambria on six counts including one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree; one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second

degree; one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; one count of grand theft in violation of R.C. 2913.02(A)(4), a felony of the fourth degree; and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree. All counts except the improperly handling firearms in a motor vehicle charge carried one-year and three-year firearm specifications.

{¶ 7} On May 21, 2021, Cambria was declared indigent and pleaded not guilty to the indictment. The trial court set bond.

{¶ 8} On August 11, 2021, the court held a change-of-plea hearing where it addressed Cambria's three pending cases. The court explained the maximum potential penalties Cambria faced, including the application of the Reagan Tokes Law to his offenses. After engaging Cambria in a Crim.R. 11 colloquy, Cambria retracted his former pleas of not guilty and the trial court accepted his guilty pleas in all three cases.

{¶ 9} In Cuyahoga C.P. No. CR-21-657925-A, Cambria pleaded guilty to one count of grand theft, one count of receiving stolen property, and one amended count of attempted grand theft. The state nolled the remaining counts. In Cuyahoga C.P. No. CR-21-658588-C, Cambria pleaded guilty to one amended count of robbery with a three-year firearm specification, one amended count of attempted grand theft, and one amended count of having weapons while under disability. The state nolled the remaining counts and firearm specifications. In Cuyahoga C.P. No. CR-21-659415-B, Cambria pleaded guilty to one amended count of aggravated robbery with a one-

year firearm specification and one count of improperly handling firearms in a motor vehicle. The state nolled the remaining counts and firearm specifications. In all three cases, Cambria agreed to pay restitution in an amount to be determined.

{¶ 10} On August 19, 2021, the court held a sentencing hearing on all three of Cambria's pending cases. The court heard from the assistant prosecuting attorney, defense counsel, a city of Cleveland detective assigned to Cambria's cases, a victim in Cuyahoga C.P. No. CR-21-658588-C, and Cambria.

{¶ 11} In Cuyahoga C.P. No. CR-21-657925-A, the court sentenced Cambria to one year on each of the three charges — grand theft, receiving stolen property, and attempted grand theft — with the sentences to run concurrent to each other and concurrent with the sentences imposed in Cuyahoga C.P. No. CR-21-658588-C and Cuyahoga C.P. No. CR-21-649415-B. Cambria was sentenced for up to three years discretionary postrelease control.

{¶ 12} In Cuyahoga C.P. No. CR-21-658588-C, the trial court sentenced Cambria to three years on the firearm specification to run prior to and consecutive to a three-year sentence on the robbery charge. The court sentenced Cambria to one year each on the attempted grand theft and having weapons while under disability charges, with those sentences running concurrent to each other and concurrent to the robbery and firearm specification sentences. The three-year firearm specification was ordered to run consecutive to the one-year firearm specification in Cuyahoga C.P. No. CR-21-659415-B. Pursuant to the Reagan Tokes Law, the court

imposed an aggregate minimum term of three years and a maximum term of four and one-half years. The court imposed three years mandatory postrelease control.

{¶ 13} In Cuyahoga C.P. No. CR-21-659415-B, the court sentenced Cambria to one year on the firearm specification to run prior to and consecutive to a three-year sentence on the aggravated robbery charge. The court sentenced Cambria to one year on the improperly handling firearms in a motor vehicle charge, to run concurrent to the aggravated robbery and firearm specification sentences. The firearm specification was ordered to run consecutive to the three-year firearm specification in Cuyahoga C.P. No. CR-21-658588-C. Pursuant to the Reagan Tokes Law, the court imposed an aggregate minimum term of three years and a maximum term of four and one-half years. The court sentenced Cambria to five years mandatory postrelease control.

{¶ 14} On September 17, 2021, Cambria filed a timely notice of appeal.

**Legal Analysis**

{¶ 15} Cambria's sole assignment of error is that his indefinite sentence under the Reagan Tokes Law is unconstitutional because it violates his due process rights, violates the separation-of-powers doctrine, and violates his constitutional right to a trial by jury.

{¶ 16} Cambria's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Cambria's sentence pursuant to Reagan

Tokes was not a violation of his constitutional rights. Cambria's assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES A. BROGAN, JUDGE*

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, CONCUR

(*Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)